IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMES GOODWIN                                                                                        PLAINTIFF

v.                      Civil No.04-2158

DEPUTY SCHUCHS;
and DEPUTY RESTINE                                                         DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

James Goodwin brings this pro se civil rights action under 42 U.S.C. § 1983. He contends that his constitutional rights were violated while he was detained at the Sebastian County Detention Center.

On April 20, 2005, the defendants filed a motion for summary judgment (Doc. 17). By order entered on May 10, 2005, the plaintiff was directed to complete, sign, date, and return an attached questionnaire that would serve as his response to the defendants' summary judgment motion on or before June 10, 2005. On July 7, 2005, the plaintiff filed his response (Doc. 23) to the summary judgment motion. The summary judgment motion is currently before the undersigned for issuance of this report and recommendation.

### I. Background

In his complaint (Doc. 1), Goodwin named as defendants Deputies Schuchs and Restine and the Sebastian County Detention Center. He alleged there that the defendant deputies allowed another inmate to enter the day room unescorted among Goodwin and other inmates who were on protective custody. He alleged that he was assaulted due to the deputies negligence in following policy about keeping him protected. (Doc. 1.)

In his addendum to his complaint, the court asked Goodwin if he wished to name any individuals as defendants in substitution for the Sebastian County Detention Center. Goodwin indicated that he did not. (Doc. 5 at ¶ 1.) The undersigned then entered a report, recommending that the Sebastian County Detention Center be dismissed as a defendant in this action, and that the complaint be served on the remaining defendants--deputies Schuchs and Restine. (Doc. 9.) The report was adopted without objections from the plaintiff, and the Sebastian County Detention Center was dismissed as a defendant. (Doc. 12.)

According to the plaintiff's summary judgment response (Doc. 23) on June 14, 2004, plaintiff was playing cards with other inmates in the day room of the pod. All of these inmates were on protective custody, and they were on their "hour out." Deputy Restine, who was then on his third or fourth day of training, allowed inmate Michael Destea, who was not on protective custody, to enter the day room unescorted. Deputy Schuchs was Deputy Restine's trainer, but Deputy Schuchs was not present at the time. As Destea was walking to his cell, he began "bragging aloud to the whole pod about his easy outcome in court." Inmate Dickerson called Destea a "snitch." Destea then turned away from his cell, walked towards Dickerson, began yelling profanities, and then started punching Dickerson. The plaintiff stood up and told Destea to leave Dickerson alone. Then Destea turned to the plaintiff and began assaulting him. Instead of using his radio, Restine ran out into the hallway and waived his arms to get the attention of other guards. (Doc. 23.) Goodwin received injuries to his lips, gums, left eye, right arm, chest, and back. (Doc. 6 at ¶ 6.)

The plaintiff was immediately taken to the nurse's station where he "spat out [his] dental partial and blood" and rinsed out his mouth. The nurse did not examine him, rather she ordered

-2-

AO72A
(Rev. 8/82)

24 hours of Tylenol and said good-bye. Goodwin claims that he never received the Tylenol. (Doc. 23.)

The defendants submit as evidence in support of their summary judgment motion the medical record which reflects that the bleeding was controlled, ice was applied, Tylenol was prescribed for 24 hours, and the plaintiff was permitted soft foods as tolerated. (Doc. 19 at Ex. 2 pg. 11.) When Goodwin filed a grievance and medical request, the nurse resent the Tylenol prescription to his pod, noted that he been taking his food trays, and directed that he could receive soft foods for two meals. (Doc. 19 at Ex. 2 pgs. 14-15.) When he complained a third time about his treatment, it was noted that he was seen by the nurse after the fight and once in the hall about his complaints. Also, the official responding noted that Goodwin had received the Tylenol when he was seen in the office. (Doc. 19 at Ex. 2 pg. 16.)

Goodwin states that the attack was spontaneous (Doc. 23 at ¶ 4), that neither defendant had reason to believe that the attack was about to occur (Doc. 23 at ¶ 6), that the attack occurred due to the negligence of the defendants (Doc. 23 at ¶ 15), and that he has no proof that the alleged failure-to-protect claim was caused by a county policy (Doc. 23 at ¶ 16). Prior to this incident, Goodwin had not had any previous altercations or other contacts with Destea. (Doc. 6 at ¶ 9.) Goodwin indicates that he is suing the defendants only in their official capacities and is not intending on having this suit proceed against them in their individual or personal capacities. (Doc. 23 at ¶ 17.)

## II. Summary Judgment Standard

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio*

AO72A
(Rev. 8/82)

*Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986), the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Commerce v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir.1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d 607 *(citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (*citing Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).

### III. Discussion

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. "To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must show [1] a deprivation [under color of law] of [2] a right, privilege, or immunity secured by the Constitution or the laws of the United States." *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). "[T]o establish a violation of constitutional rights under § 1983, the plaintiff must prove that the defendant's unconstitutional action was the 'cause in fact' of the plaintiff's injury." *Butler v. Dowd*, 979 F.2d 661, 669 (8th Cir. 1992).

**Official Capacity Claims**

-4-

In his complaint and addendum, Goodwin does not state in what capacity--official and/or individual--he is suing defendants. Defendants assert that the plaintiff is bringing only official-capacity claims and has failed to show that his alleged constitutional violations occurred as a result of a policy or custom of the Sebastian County Detention Center. The plaintiff agrees that he is suing defendants only in their official capacities, and he states that the assault occurred because proper jail policy was not followed. Under section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. In *Gorman v. Bartch*, 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense.

*Gorman*, 152 F.3d at 914 (citations omitted).

The Eighth Circuit has consistently advised plaintiffs to specifically plead whether government agents are being sued in their official or individual capacities to ensure prompt notice of potential personal liability. *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989); *see also Andrus v. Arkansas*, 197 F.3d 953 (8th Cir. 1999) (in actions against officers specific pleading of individual capacity is required to put public officials on notice they will be exposed to

-5-

personal liability). When the plaintiff fails to state whether he is suing an official in his individual capacity, the Eighth Circuit has construed the claim to be against the official in his official capacity only. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."); *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 620 (8th Cir. 1995) ("*Nix* requires that a plaintiff's complaint contain a clear statement of her wish to sue defendants in their personal capacities. Neither a cryptic hint in a plaintiff's complaint not a statement made in response to a motion to dismiss is sufficient").

While the court has an obligation to construe a pro se complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), this requirement that individual-capacity claims be specifically pled has been applied to pro se litigants. *See Taylor v. Roper*, 53 Fed. Appx. 142 (8th Cir. 2003) (unpublished per curiam) (*citing Murphy v. Arkansas*, 127 F.3d 750, 754-55 (8th Cir. 1997) (Eighth Circuit strictly enforces this pleading requirement)).

Defendants asserted that plaintiff was only bringing official capacity claims, and in response to this assertion, plaintiff agreed. As noted above, official capacity claims are the equivalent of claims asserted against the employing entity--here Sebastian County. Under section 1983, a governmental entity may not be held vicariously liable for the unconstitutional acts of employees. A governmental entity, however, may be held liable for the unconstitutional acts of its officials or employees when those acts implement or execute an unconstitutional custom or policy. *See Doe v. Washington Co.*, 150 F.3d 920, 922 (8th Cir. 1998).

Thus, Sebastian County would be held liable for defendants' conduct only if it had a

-6-

policy or custom that caused plaintiff's injury. *See Board of County Comm'rs v. Brown*, 520 U.S. 397, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). In the absence of a written policy, plaintiff must identify a pattern of widespread unconstitutional conduct that was so pervasive and well-settled that it had the effect of law. *See Jane Doe A v. Special Sch. Dist. of St. Louis County*, 901 F.2d 642, 646 (8th Cir. 1990). Plaintiff must show that Sebastian County "through its deliberate conduct . . . was the 'moving force' behind the injury alleged." *Brown*, 117 S. Ct. at 1388.

"[I]naction or laxness can constitute government custom if it is permanent and well settled." *Tilson v. Forrest City Police Dept.*, 28 F.3d 802, 807 (8th Cir. 1994) (citation omitted). "Such a government custom of laxness or inaction must be the moving force behind the constitutional violation." *Id.*

Any suggestion of the existence of a basis the hold Sebastian County liable is wholly lacking--especially in light of plaintiff's assertion that the assault occurred because the defendant jailers failed to follow the written detention center policy. There is simply nothing from which to conclude a genuine issue of fact exists to the County's liability. Defendants are therefore entitled to summary judgment on Goodwin's official capacity claims.

**Failure-To-Protect Claim**

Even had Goodwin stated individual capacity claims against the defendants due to their failure to protect him from the attack, defendants would be entitled to a grant of summary judgment on those claims as well.

As a pretrial detainee, Goodwin's claims are analyzed under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n. 16, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979). Under the Fourteenth Amendment, pretrial

detainees are entitled to "at least as great" of protection as that afforded convicted prisoners under the Eighth Amendment. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244, 103 S. Ct. 2979, 77 L. Ed. 2d 605 (1983). While the Eighth Circuit has not set a clear standard for determining when pretrial detention is unconstitutionally punitive, the Eighth Amendment's "deliberate indifference" standard has been applied. *See Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994).

The Eighth Amendment imposes a duty on the part of prison officials to protect prisoners from violence at the hands of other prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 833, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Not every injury suffered by a prisoner at the hands of another states a constitutional claim, however. A prison official violates the Eighth Amendment only if he acts with deliberate indifference to a substantial risk of harm to the prisoner or detainee. Deliberate indifference requires that (1) the official's acts objectively caused a sufficiently serious deprivation and (2) that the official had a subjectively culpable state of mind. In regards to this latter requirement, the plaintiff bears the responsibility of proving that the official was aware of facts from which the inferences could be drawn that a substantial risk of serious harm existed and that the official drew that inference. *See Farmer*, 511 U.S. at 834, 837.

Goodwin fails to meet this standard. He states that the assault resulted from his verbal interference with another fight and that the attack was "spontaneous." Also, he states the assault occurred because of the defendants' negligence, and negligence does not support a claim of a constitutional violation. *See Wilson v. Seiter*, 501 U.S. 294, 305, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). Also, a violation of a jail policy does not in itself state a claim under section 1983. *Cf. Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (defendants failure to

AO72A
(Rev. 8/82)

process grievances pursuant to jail policy not actionable under section 1983).

The defendants' summary judgment motion should be granted as to the plaintiff's claims that the defendants failed to protect him from an attack should be granted.

**Medical Care**

In his summary judgment response, plaintiff appears to be arguing that he was also subjected to deliberate indifference in the medical treatment he received following the assault. Although he was given the opportunity to substitute other individuals for the Sebastian County Detention Center, which was initially named as a defendant, plaintiff declined to do so. He does not state any facts that suggest that the two remaining defendants--Deputies Schuchs or Restine-- had anything to do with his medical care after he was taken to the nurse's station for treatment. Therefore, plaintiff has failed to allege any facts to support a claim of deliberate indifference against these defendants. *See eg. Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir.1974) (per curiam) (court properly dismissed pro se complaint that was silent as to defendant except for his name appearing in caption); *see also Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (unpublished per curiam) (plaintiff failed to state claim against named defendants where he listed defendants in complaint and did not allege defendants were personally involved in constitutional violations).

### IV. Conclusion

I therefore recommend that the defendants' motion for summary judgment (Doc. 17) be granted, and this case be dismissed with prejudice.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

AO72A
(Rev. 8/82)

**written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of January 2006.

                                                      **/s/ Beverly Stites Jones**
                                        _____
                                        HON. BEVERLY STITES JONES
                                        UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)